UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| SOAR TOOLS, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>MESQUITE OIL TOOLS, INC.,<br><br>　　Defendant. | No. 5:19-CV-243-H |

# MEMORANDUM OPINION AND ORDER
# GRANTING MESQUITE'S MOTION TO DISMISS

　　Before the Court is Mesquite Oil Tools, Inc.'s Motion to Dismiss and Request for Fees. Dkt. No. 9. In this patent-infringement lawsuit, Mesquite moves for dismissal of Soar Tools's Original Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6), contending that Soar Tools has not sufficiently alleged that Mesquite is connected to the sale or distribution of the accused product. Because the Court agrees with Mesquite that Soar Tools's Original Complaint fails to state a claim on which relief can be granted, the Court grants Mesquite's motion. Although the Court shares Mesquite's concern that Soar Tools cannot cure the pleading deficiencies that Mesquite has raised, the Court finds that the strong policy favoring granting leave to amend requires the Court to grant Soar Tools one opportunity to amend its complaint. Thus, Soar Tools may attempt to cure the deficiencies that the Court has identified in this order by filing an amended complaint no later than October 2, 2020. Further, the Court denies Mesquite's request for attorneys' fees under Rule 11 without prejudice because Mesquite has failed to strictly comply with Rule 11's terms. Should Mesquite file a procedurally appropriate Rule 11 motion, the Court will consider that motion after the Court resolves the merits of this case.

1.  **Factual and Procedural Background**

The Court accepts the factual allegations contained in Soar Tools's Original Complaint and views them in the light most favorable to Soar Tools, which it must do when construing Mesquite's Rule 12(b)(6) Motion to Dismiss. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citation omitted).

Both Soar Tools and Mesquite are engaged in the oil business in West Texas, and Mesquite's business involves the sale, rental, and repair of oil-field tools. Dkt. No. 1 at 2. Soar Tools is the sole owner and holder of United States Patent 9,334,701 ("the '701 Patent"). *See id.*; Dkt. No. 1-1. The patent describes a "design for an improved downhole well control tool ('Well Control Tool') that allows for the control of in-situ fluid flow from a production well having more than one production zone." Dkt. No. 1 at 2.

Per the Original Complaint, Soar Tools discovered that Mesquite was offering a "lockin seal stem" tool with a guide sleeve that infringed the '701 Patent at some point in mid-2019. *Id.* at 2–3. Soar Tools alleges that "Mesquite directly distributes, offers for sale, leases, offers for lease, and sells and advertises well control tools that are within the scope of at least claim 1 of the '701 Patent." *Id.* at 3. The '701 Patent claims an apparatus with a tubular body having one or more circumferential ports adapted to permit fluid communication between the interior cavity and the exterior of the tubular body. *Id.* Likewise, Soar Tools alleges that the "Infringing Well Control Tool has an apparatus with a tubular body having one or more circumferential ports adapted to permit fluid communication between the interior cavity and the exterior of the tubular body." *Id.* at 4.

Soar Tools further alleges two similarities between the '701 Patent and the Infringing Well Control Tool: both designs have orientation sleeves coupled to the tubular body, and the orientation sleeves in each design have one or more guide slopes. *Id.* As attachments to its Original Complaint, Soar Tools included the '701 Patent and three purported photographs of the Infringing Well Control Tool. Dkt. Nos. 1-1–1-4.

In response, Mesquite filed a Motion to Dismiss and Request for Fees, which were contained within the same document. Dkt. No. 9. Mesquite cites Federal Rule of Civil Procedure 11 to support an award of attorneys' fees. *See* Dkt. No. 10 at 14–16. As for dismissal, Mesquite argues that it has no connection to the product that allegedly infringes the '701 Patent and that it has repeatedly so informed Soar Tools. *See id.* at 3–8. Specifically, Mesquite details correspondence between Soar Tools and Mesquite, which allegedly lasted several months and involved Mesquite repeatedly advising Soar Tools that the accused product had no connection to Mesquite. *See id.* Mesquite also focuses on Exhibit B to Soar Tools's Original Complaint, which is a photograph of the accused product. *Id.* at 5. Per Mesquite, that photograph shows a product emblazoned with "'US PAT NO 9,033,031'—the parent patent to the asserted '701 Patent." *Id.* Mesquite further states that "the Complaint provided no explanation as to why some alleged Mesquite product would be marked with an alleged SOAR patent number." *Id.* at 6.

In response, Soar Tools states that it conducted an adequate pre-suit investigation. Specifically, Dee Carr, the president of Soar Tools, heard from a third-party company called Diamond D Slickline Services, LLC, which Soar Tools characterizes as a "disinterested third party," that Mesquite manufactured and sold the accused device. Dkt. No. 17 at 3.

3

However, Mesquite alleges that Diamond D was founded by Dee Carr and is therefore not a disinterested party. Dkt. No. 18 at 5.

To support its position that it conducted an adequate pre-suit investigation, Soar Tools also relies on the declaration of its litigation counsel, Paul Storm. Dkt. No. 17-2. Storm states that he heard from Carr that Carr spoke with an unnamed principal at Mesquite, who told Carr that Mesquite had only sold "40 or 50 of them" in response to "SOAR's initial communication regarding infringement." *Id*. at 2. Mesquite denies this admission and further states that it could not have made such an admission because Soar Tools has not adequately identified the accused product. Dkt. No. 18 at 6. The parties have fully briefed Mesquite's motion, which is now ripe for disposition.

2. **Legal Standards Governing Motions to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.'" *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In resolving a motion to dismiss, the Court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304, 306 (5th Cir. 2015) (quoting *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010)) (internal quotation marks omitted). But the Court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). A motion to dismiss pursuant to Rule 12(b)(6) "is viewed with disfavor

4

and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (internal citation omitted); *IberiaBank Corp. v. Ill. Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020) (same).

In reviewing Mesquite's Motion to Dismiss, the Court may consider "the pleadings, the motion to dismiss, and certain attachments to the motion to dismiss." *IberiaBank Corp.*, 953 F.3d at 345; *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) ("[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim.").

When a plaintiff's complaint fails to state a claim, a court should generally give the plaintiff at least one chance to amend before dismissing the action with prejudice. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). District courts "often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co.*, 313 F.3d at 329; *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.") (internal citation omitted). However, a plaintiff should be denied leave to amend a complaint if "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (2d ed. 1990).

3.  Analysis

    A.  **Soar Tools's Complaint fails to state a claim on which relief can be granted.**

        i.  **A patent-infringement plaintiff must allege sufficiently detailed facts to place the defendant on notice of what specific conduct is alleged to constitute infringement.**

*Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), raised the pleading standard for civil cases, including patent-infringement cases. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018); *Philips v. ASUSTeK Comput. Inc.*, No. CV 15-1125-GMS, 2016 WL 6246763, at *3 (D. Del. Oct. 25, 2016). In *Disc Disease*, the Federal Circuit held that a patent-infringement plaintiff adequately stated a claim for direct infringement because it had specifically identified the accused products—which employed a simple technology—and alleged that the accused products met each and every element of the plaintiff's patent claims. *See* 888 F.3d at 1260.

District courts have interpreted *Twombly*, *Iqbal*, and *Disc Disease* to require a patent-infringement plaintiff to identify an accused product by name in most cases such that the defendant is on notice of what specific conduct is alleged to constitute infringement. *See Promos Techs., Inc. v. Samsung Elecs. Co.*, No. CV 18-307-RGA, 2018 WL 5630585, at *4 (D. Del. Oct. 31, 2018) ("Here, Plaintiff only identifies a single product by name . . . For the remainder of the accused [products], the [c]omplaint fails to meet the pleading standard."); *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 3:18-CV-01074-K, 2018 WL 10425908, at *2 (N.D. Tex. Oct. 9, 2018) (finding that the plaintiff's complaint failed "to reasonably inform Defendant as to what devices, if any, are accused").

Here, the dispute between the parties is not about whether the accused product has been sufficiently identified, but rather about whether Soar Tools has sufficiently alleged that

Mesquite has any connection to the sale or distribution of the accused product. *Disc Disease* and the cases interpreting it rest on the principle that a patent-infringement plaintiff, like other plaintiffs, must plead factual allegations that are sufficient to state a facially plausible claim for relief. *See Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.") (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotation marks omitted).

These pleading standards, coupled with the persuasive case law discussed below, make clear that a patent-infringement plaintiff must plausibly allege the defendant's connection to the accused device in order to adequately state a claim for relief. A contrary conclusion would violate the Supreme Court's directive that courts must draw on their "judicial experience and common sense" when determining whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 679; *cf. also IberiaBank Corp.*, 953 F.3d at 348 (relying on judicial experience and common sense in affirming the dismissal of a claim for failure to plausibly allege entitlement to relief); *A.G. ex rel. Maddox v. v. Elsevier, Inc.*, 732 F.3d 77, 80–83 (1st Cir. 2013) (same); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 998–99 (9th Cir. 2014) (same).

Soar Tools contends that it need only identify the accused product and the patent the accused product infringes—and not allege any facts regarding the accused product's connection to the defendant—to adequately state a claim for patent infringement, *see* Dkt. No. 17 at 6, but it has not cited a case that actually stands for such a proposition. If the Court were to accept Soar Tools's theory, it would impermissibly "unlock the doors of discovery" for any infringement plaintiff that holds a patent and can identify a product that

7

it believes infringes that product, without regard to whether the defendants is liable for the alleged infringement. *Iqbal*, 556 U.S. at 678. The Court believes that *Iqbal*'s admonition to trial courts requires a more searching inquiry at the Rule 12(b)(6) stage.

> ii. **Persuasive case law indicates that a plaintiff must allege the defendant's connection to the accused product with specificity to survive a 12(b)(6) motion.**

The parties have not cited—and the Court has not located—a prior case evaluating a defendant's Rule 12(b)(6) motion to dismiss based on a plaintiff's failure to sufficiently allege that the defendant was connected to the accused product in any way. Yet the Court finds that cases dismissing claims for failure to allege the specific timing or manner of the defendant's allegedly infringing conduct and those addressing the adequacy of a defendant's pre-suit investigation constitute persuasive authority to support the conclusion that a court must dismiss a patent-infringement complaint where the plaintiff does not sufficiently allege the defendant's connection to the accused product.

> a. **A complaint may be dismissed for failure to allege the timing of the defendant's infringement with specificity.**

One district court dismissed a patent-infringement claim under Rule 12(b)(6) where the plaintiff's complaint alleged that the defendant "infringes the patent-in-suit without alleging *any* facts as to when the infringement began or whether it has continued to this day." *Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*, No. CIVA 09-022-SLR/MPT, 2009 WL 5184350, at *8 (D. Del. Dec. 23, 2009), *report and recommendation adopted as modified*, 2010 WL 1337621 (D. Del. Mar. 31, 2010) (emphasis in original). To support dismissal under Rule 12(b)(6), the defendant submitted evidence showing that it had stopped selling the accused product more than one year before the filing date of the patent-in-suit. 2009 WL 5184350, at *8. The Magistrate Judge relied in part on the defendants' evidence in

8

recommending the dismissal of the plaintiff's claim, and the District Judge denied the Rule 12(b)(6) motion to dismiss without prejudice, subject only to limited discovery regarding product identification. 2009 WL 5184350, at *8; 2010 WL 1337621, at *1; *see also Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, No. 2-16-CV-00148-KJM-EFB, 2016 WL 4192439, at *4 (E.D. Cal. Aug. 9, 2016) (citing *Quantum Loyalty* and dismissing a patent-infringement claim under Rule 12(b)(6) because the plaintiff had not "alleged when exactly [the] defendants began to infringe [its] patent").

Although this case differs from *Quantum Loyalty* and *Advanced Steel Recovery* in that Mesquite does not raise an argument regarding a patent's priority date, those cases indicate the precision with which a plaintiff must allege patent infringement. Further, as in *Quantum Loyalty*, a court may consider the sufficiency of the plaintiff's allegations regarding the timing of the defendant's infringement relative to the defendant's sale of the accused product. Because a defendant's involvement in the sale of the accused product is a logical prerequisite to the timing of such sales, it therefore follows that a court may consider the sufficiency of the plaintiff's allegations that the defendant ever sold the accused product or had any involvement in such sales.

      **b. Courts may dismiss a complaint for failure to allege the manner of infringement with specificity.**

Similarly, courts may dismiss a direct-infringement claim under Rule 12(b)(6) where the plaintiff's complaint fails to allege the manner of the defendant's infringement with specificity. In *F2VS Techs., LLC v. Aruba Networks, Inc.*, for example, the plaintiff contended that the defendant, Aruba, employed a wireless router to infringe the plaintiff's patent claims. No. 17-CV-0754-RGA, 2018 WL 1732152, at *2 (D. Del. Apr. 10, 2018). In dismissing the complaint under Rule 12(b)(6), the district court found that the plaintiff had

9

not pled specific facts "that would support a plausible inference that Aruba or Aruba's customers have used any of the accused routers in a network that infringes the asserted claims." *Id.*; *cf. also Lyda v. CBS Corp.*, 838 F.3d 1331, 1340 (Fed. Cir. 2016) (affirming the dismissal of a complaint alleging joint infringement because the plaintiff had not "set forth any factual allegations in support of his assertion that [the defendant] directed or controlled the independent contractors").

*F2VS Techs.* and *Lyda* demonstrate that an infringement plaintiff must plead specific facts related to the manner in which the defendant allegedly infringed the plaintiff's patent claims to meet *Iqbal*'s plausibility standard and survive a Rule 12(b)(6) motion. Where a plaintiff fails to plead such facts, it has not provided the defendant with "fair notice of infringement of the asserted patents," and its complaint is subject to dismissal. *Disc Disease*, 888 F.3d at 1260.[1]

### c. The failure to sufficiently investigate a defendant's connection to an accused product may give rise to sanctions.

Because a patent-infringement plaintiff's failure to sufficiently investigate and allege a defendant's connection to the accused product may justify the imposition of sanctions, the lesser consequence of dismissal is likewise justified. In *Ltd. v. Compal Elecs. Inc. Grp.*, for example, the district court resolved a motion for fees and costs under 35 U.S.C. § 285, which permits the award of attorneys' fees in exceptional patent cases. No. 14-CV-1688 DMS (KSC), 2015 WL 11570939 (S.D. Cal. Dec. 11, 2015), at *1, 7; *see also Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017) (noting that Section 285 exists

---

[1] *Cf. also Promos Techs.,* 2018 WL 5630585, at *4 (finding that the plaintiff's complaint failed to give the defendant the fair notice of infringement referenced in *Disc Disease* as to a class of products that the plaintiff did not identify by name).

to ensure that a prevailing party is not required to bear its own fees and costs where such a requirement would constitute a "gross injustice" given the losing party's bad faith or unfairness). The plaintiff in *Compal* had voluntarily dismissed its patent-infringement claims, but the defendants nonetheless sought fees and costs under Section 285. 2015 WL 11570939, at *3. To resolve the defendants' motion, the district court reviewed the sufficiency of the plaintiff's pre-suit investigation. *Id*. at *5.

The district court in *Compal* found that the plaintiff conducted an inadequate pre-filing inquiry into "whether Defendants were involved with the accused products." *Id*. at *6. Because the plaintiff failed to sufficiently investigate whether the defendants were involved with the accused products before filing suit and refused to dismiss them from the case after the defendants submitted evidence that they had no involvement with such products, the district court found the case to be exceptional and awarded the defendants fees and costs under Section 285. *Id*. at *7.

Although *Compal* involved a different procedural posture than the one presented here, the Court believes that it supports the conclusion that a district court must dismiss a complaint for failure to state a claim on which relief can be granted where the patent-infringement plaintiff does not sufficiently allege that the defendant is involved with the accused product. A complaint that is so meritless as to warrant the imposition of attorneys' fees or other sanctions will generally fail to state a claim for relief under Rule 12(b)(6),[2] and

---

[2] *Cf. Castro & Co., LLC v. Diamond Offshore Servs. Ltd.*, No. 3:18-CV-574-M, 2018 WL 6069973, at *13–14 (N.D. Tex. Oct. 29, 2018), *report and recommendation adopted*, 2018 WL 6068977 (N.D. Tex. Nov. 20, 2018) (collecting cases and finding that the imposition of Rule 11 sanctions requires a higher showing of frivolousness or lack of legal foundation than a dismissal of the plaintiff's claims on the merits); *Margetis v. Furgeson*, No. 4:12-CV-753, 2015 WL 6688063, at *8 & n.78 (E.D. Tex. Sept. 29, 2015), *aff'd*, 666 F. App'x 328 (5th Cir. 2016) ("The failure of Plaintiffs to state a plausible claim for relief in their Original Complaint under Rule 12(b)(6) is not *by itself* sufficient to warrant

fees are only awarded under Section 285 to prevent the prevailing party from suffering a "gross injustice." *Checkpoint Sys.*, 858 F.3d at 1376. Because the *Compal* court found that such fees were warranted, it follows that the plaintiff's complaint, which the plaintiff voluntarily dismissed, failed to state a claim on which relief could be granted under the *Iqbal* plausibility standard.

Another court likewise awarded attorneys' fees to a patent-infringement defendant because it found that the plaintiffs' failure to adequately investigate whether the defendants were connected to the infringing product rendered the case exceptionally unmeritorious from the time it was filed. *M-I Drilling Fluids UK Ltd. v. Dynamic Air Inc.*, No. 14-CV-4857 (JRT/HB), 2017 WL 8947185, at *11–12 (D. Minn. Feb. 3, 2017), *report and recommendation adopted*, 2017 WL 1193992 (D. Minn. Mar. 30, 2017). There, the parties had negotiated a settlement that would lead to the dismissal of the plaintiff's infringement claims, but they could not agree on whether dismissal should be with or without prejudice, at which point the defendant's request for attorneys' fees came before the court. *Id*. at *7. Despite the plaintiff's arguments that four relatively detailed factual allegations supported the connection between the defendant and the accused product,[3] the court found the plaintiff's case to be exceptionally unmeritorious from the time it was filed. *Id*. at *9–11. As in

---

the imposition of sanctions. But Plaintiffs' failure to show that . . . they conducted an inquiry reasonable under the circumstances to determine whether they should file this suit [] does support the imposition of sanctions.") (emphasis added).

[3] The four factual allegations were: (1) a contract presented ambiguous information about the defendant's potential involvement with an alleged infringer; (2) the defendant's website indicated that the defendant acted as a "Brazil sales office" for the alleged infringer; (3) the plaintiff's employees observed people wearing uniforms that contained ambiguous language, which could be arguably have been attributed to the defendant, operating the accused product; and
(4) the alleged infringer, a third party, could not have designed the accused system or one like it without outside help because the alleged infringer did not possess the expertise to do so. *See id*. at *9–10.

*Compal*, it follows that the complaint in *M-I Drilling Fluids*, which the plaintiffs voluntarily dismissed, failed to adequately state a claim on which relief could be granted under *Iqbal*.

### iii. Soar Tools's Complaint does not satisfy the applicable pleading standard.

Here, Soar Tools's Original Complaint is subject to dismissal under Rule 12(b)(6) because it does not plausibly allege that Mesquite is connected to the manufacture or sale of the accused product. The only allegations of Mesquite's connection with the accused product are that (1) Dee Carr, the president of Soar Tools, heard from Diamond D that Mesquite distributed the accused product; and (2) Carr heard from an unnamed principal at Mesquite that Mesquite sold "40 or 50" units of the accused product. Dkt. No. 17 at 3. Neither allegation gives rise to a plausible claim for relief under the *Twombly* and *Iqbal* standard, and neither allegation even appears in Soar Tools's Original Complaint. *See* Dkt. No. 1. Accordingly, the Court dismisses Soar Tool's Original Complaint.

In reviewing a Rule 12(b)(6) motion, courts may consider "matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996); *see also* Fed. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding."). Here, the Court takes judicial notice that Diamond D's website states that the firm was established by—and is managed by—Dee Carr.[4] In light of that fact and the photograph showing that the accused device is marked with a Soar Tools patent number, the Court finds Soars Tools's allegation that Mesquite sold and distributed the accused product to be implausible under *Twombly* and *Iqbal*. The Court likewise finds it implausible that Diamond D, a company founded by Carr, is a disinterested third party.

---

[4] *See https://www.diamonddslickline.com/* (last visited August 24, 2020).

The fact that the accused product is apparently affixed with a Soar Tools patent number weighs heavily in favor of dismissal. The Court may consider the attachments to Soar Tools's Original Complaint, and it may consider attachments to Mesquite's Motion to Dismiss if those attachments are "referred to in [Soar Tools's] complaint and are central to [its] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (citation omitted). In this case, Soar Tools relied on photographs of the accused device in its Original Complaint, and the Court finds that those photographs are central to Soar Tools's infringement claim. Mesquite has attached one such photograph, magnified the image, and identified the marking of a Soar Tools patent number. Because it is implausible that Mesquite would affix a Soar Tools patent number on a product that infringes a Soar Tools patent when distributing that infringing product—and Soars Tools has offered no explanation for why it believes Mesquite would do so—the Court dismisses Soar Tools's infringement claim. Soar Tools fails to state a claim for relief that is plausible on its face.

Finally, the complaint is subject to dismissal because Soar Tools's Original Complaint fails to sufficiently allege the manner by which the accused product infringes Soar Tools's patent. As discussed above, adequately pleading a defendant's involvement in the sale of the accused product is a necessary prerequisite to adequately pleading the manner in which the defendant directly infringes the plaintiff's patent claims. While the Original Complaint's factual allegations are sparse, the Court understands it to allege that Soar Tools discovered the accused product in the possession of Soar Tools's oil-tool customers. *See* Dkt. No. 1 at 2–3. From that factual allegation alone, Soar Tools offers the conclusion that "Mesquite directly distributes, offers for sale, leases, offers for lease, and sells and advertises its infringing products and/or services in the United States[.]" *Id*. at 3. Given that Mesquite

has a publicly available catalog of items for sale and that the accused product is not part of that index,[5] Soar Tools's one factual allegation is not enough to plausibly allege the manner by which Mesquite infringes—that is, Soar Tools has not pled specific facts that would give rise to the plausible inference that Mesquite has offered the infringing product for sale or distributed it.

> iv. **Soar Tools must first adequately state a claim for relief before it may access discovery.**

Soar Tools attempts to reject Mesquite's arguments regarding the sufficiency of Mesquite's connection to the accused product, as pled in the Original Complaint, by stating that discovery would resolve any pleading deficiencies that Mesquite identifies. *See* Dkt. No. 17 at 7–8 ("All of the examples of information Mesquite contends SOAR should have included in its Complaint [] are examples of information that would be in the possession of Mesquite and not readily available to SOAR without discovery . . . Virtually all of the factual materials relevant to proving whether Mesquite made and sold the Accused Product are in either Mesquite's or other third parties' control and, therefore, beyond SOAR's reach without the discovery afforded it through this lawsuit.").

*Iqbal*, however, held that the Federal Rules of Civil Procedure do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 556 U.S. at 678–79. After *Iqbal*, "a plaintiff must allege specific facts [that are sufficient to adequately state a claim for relief] even if those facts are only within the head or hands of the defendants. The plaintiff may not use the discovery process to obtain these facts after filing suit." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011);

---

[5] *See* https://www.mesquiteoiltools.com/products (last visited August 25, 2020).

*accord Doe v. Robertson*, 751 F.3d 383, 393 (5th Cir. 2014) ("Here, Plaintiffs have proffered a legal conclusion . . . and [ ] their factual allegations, even assumed as true, do not make this conclusion plausible.  Accordingly, the Complaint gives Plaintiffs no right to discovery.").

Thus, discovery cannot save a complaint that fails to state a plausible claim for relief from dismissal under Rule 12(b)(6), nor can it preclude Rule 11 liability where a plaintiff's claims lack factual basis.  "Rule 11 would have no teeth if a plaintiff were allowed to file first, and take discovery later, to support its claims."  *M-I Drilling Fluids*, 2017 WL 8947185, at *12; *see also Barksdale v. Nationwide Mut. Ins. Co.*, No. 4:06-CV-00043, 2007 WL 200955, at *4 (W.D. Va. Jan. 23, 2007) ("The need for discovery to complete the factual basis for alleged claims is not an excuse to allege claims with no factual basis.") (quoting *In re Kunstler*, 914 F.2d 505, 516 (4th Cir. 1990)).

The Court agrees with Soar Tools that a plaintiff is not required to accept a defendant's denials of its involvement with the accused product at face value.  Indeed, the adversarial system affords plaintiffs broad latitude to investigate factual allegations, despite defendants' representations, once the plaintiffs have adequately pled a claim for relief.  *See Brubaker v. Metro. Life Ins. Co.*, No. CIV.A. 00-2511 EGS, 2002 WL 975846, at *2 (D.D.C. Mar. 29, 2002) (ordering further discovery because "[p]laintiffs need not accept at face value the explanations of defendants' counsel"); *United States v. Henry Cty.*, No. 09-4015, 2010 WL 105724, at *3 (C.D. Ill. Jan. 6, 2010) ("[T]here is no reason [the plaintiff] should have to simply take [a defendant's] description [of events] at face value.").

However, a complaint that plausibly alleges the plaintiff's entitlement to relief is a prerequisite to any discovery.  *See New Albany Tractor, Inc.*, 650 F.3d at 1051; *Robertson*, 751 F.3d at 393.  Because Soar Tools has not met its requirement under *Iqbal* to plausibly allege

entitlement to relief, it may not conduct discovery until after it has cured the deficiencies the Court has identified in its Original Complaint.

> **B.     The Court grants Soar Tools leave to amend its complaint.**

The Court shares Mesquite's concerns that Soar Tools will not be able to cure the pleading deficiencies that the Court has identified.  However, Federal Rule of Civil Procedure 15(a)(2) and binding precedent evince a strong policy favoring amendment of pleadings.  *See Great Plains Tr. Co.*, 313 F.3d at 329; *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270–71 (5th Cir. 2010).  Because Soar Tools has not yet amended its complaint, the Court finds that it must grant Soar Tools leave to amend.  *See Parsons v. Sager*, No. 1:18-CV-1014-RP, 2019 WL 5243190, at *3 (W.D. Tex. Apr. 30, 2019) (permitting a plaintiff to seek leave to amend his complaint because he had not yet amended his complaint).

Additionally, courts typically grant patent-infringement plaintiffs leave to amend unless such a plaintiff has already failed to cure pleading deficiencies in prior amended complaints.  *See, e.g., Artrip v. Ball Corp.*, 735 F. App'x 708, 715 (Fed. Cir. 2018)*, cert. denied*, 139 S. Ct. 1177 (2019) (affirming the denial of a plaintiff's request to amend its third amended complaint); *Advanced Screenworks, LLC v. Mosher*, No. 2:19-CV-758-FTM-29-MRM, 2020 WL 1188468, at *4 (M.D. Fla. Mar. 12, 2020) (dismissing a first amended complaint but granting the plaintiff "one final opportunity to amend"); *Drone Labs, LLC v. Dedrone Holdings, Inc.*, No. 19-CV-01281-EMC, 2019 WL 4345955, at *4 (N.D. Cal. Sept. 12, 2019) (dismissing a second amended complaint with prejudice because the plaintiff repeatedly failed to cure pleading deficiencies); *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 779 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F.

App'x 921 (Fed. Cir. 2017) (same).  Thus, patent-infringement case law indicates that the Court must grant Soar Tools at least one opportunity to amend its Original Complaint before dismissing the action with prejudice.

Soar Tools may therefore file an amended complaint by October 2, 2020.  Any amended complaint shall address the pleading deficiencies that the Court has identified in this order.

### C. Mesquite's request for fees is denied without prejudice.

Mesquite seeks attorneys' fees under Federal Rule of Procedure 11.  *See* Dkt. No. 10 at 14–16.  "A motion for sanctions must be made separately from any other motion[.]" Fed. R. Civ. P. 11(c)(2).  Mesquite filed its request for attorneys' fees, which is predicated on Rule 11, together with its Rule 12(b)(6) Motion to Dismiss.  *See* Dkt. Nos. 9, 10.  The Court accordingly denies Mesquite's fee request as procedurally defective.

Where the party seeking sanctions fails to comply with Rule 11's separate-motion requirement, the Court lacks discretion to impose sanctions under Rule 11.  *See Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 379 (5th Cir. 2008); *accord Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 142 (2d Cir. 2002) (same); *Metro. Life Ins. Co. v. Kalenevitch*, 502 F. App'x 123, 124–25 (3d Cir. 2012) (same).  Mesquite has not complied with Rule 11's separate-motion requirement, so its request for fees must be denied.  *See Cervantes v. Ocwen Loan Servicing, LLC*, No. 5:19-CV-7, 2019 WL 6003129, at *10 (S.D. Tex. Aug. 28, 2019) (recommending that the court deny a Rule 11 motion on this basis); *cf. also In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008) ("[W]e have continually held that strict compliance with Rule 11 is mandatory.").

Nevertheless, the Court denies Mesquite's request for fees under Rule 11 without prejudice in order to allow Mesquite to re-file its motion in accordance with Rule 11's procedural requirements. The Court will first resolve the merits of this action. *See Syneron Med. Ltd. v. Viora Ltd.*, No. 2:14-CV-00639, 2014 WL 7140643, at *5 (E.D. Tex. Dec. 12, 2014) (noting that courts typically resolve Rule 11 motions after they have "made a determination on the merits of the case"). After the Court has resolved this case on the merits, Mesquite may then file a new Rule 11 motion if it so chooses.

**4.   Conclusion**

Finding that Soar Tools's Original Complaint fails to plausibly allege Mesquite's connection to the accused product, the Court grants Mesquite's Motion to Dismiss. Because of the liberal standard for allowing amendment of pleadings, however, the Court grants Soar Tools one opportunity to amend its complaint by October 2, 2020. Mesquite's request for attorneys' fees under Rule 11 is denied without prejudice to its refiling after the Court has resolved the merits of this case.

So ordered on September 11, 2020.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE